# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL FOLEY,

        Plaintiff,

vs.

JUAN CARLOS VALDES, *et al.*,

        Defendants.

Case No.: 2:17-cv-02783-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendant Michelle Pont. Plaintiff Michael Foley ("Plaintiff")[1] filed a Response, (ECF No. 23), and Defendant Michelle Pont filed a Reply, (ECF No. 25). Also before the Court is the Motion to Dismiss, (ECF No. 17), filed by Defendants AP Express Worldwide, LLC, AP Express, LLC, Jeffery Pont, and World Pack USA (collectively "Defendants"). Plaintiff filed a Response, (ECF No. 24), and Defendants filed a Reply, (ECF No. 26).[2] For the reasons set forth herein, Defendants' Motions to Dismiss are **GRANTED**.

I. <u>**BACKGROUND**</u>

This case arises out of allegations of conspiracy to interfere with Plaintiff's custody over his children. According to Plaintiff, Defendants engaged in a lengthy string of manipulative tactics—including filing fake child abuse allegations against Plaintiff—to deprive Plaintiff of his custodial rights. (*See* Compl., ECF No. 6). Based on these allegations, Plaintiff asserts claims for: (1) Conspiracy to Conceal and Deprive Custody of Children from a Parent; (2) Loss

---

[1] In light of Plaintiff's *pro se* status, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[2] Plaintiff additionally filed a Motion to Extend Time to respond to Defendants' requests for dismissal. (ECF No. 22). Defendants did not file any opposition to this Motion. Accordingly, and for good cause appearing, the Court grants Plaintiff's Motion to Extend and considers his responses timely.

of Services; (3) Assault; and (4) Intentional Infliction of Emotional Distress. (*Id.*). Plaintiff asserts that the Court has both diversity and federal question jurisdiction over these claims. (*Id.* 1:24–26). In February 2018, Defendants filed the instant Motions challenging, *inter alia*, the Court's subject matter jurisdiction over this action.

II. <u>**LEGAL STANDARD**</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, courts presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* When, as here, a defendant asserts a factual attack, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III. DISCUSSION

### 1. Diversity Jurisdiction under 28 U.S.C. § 1332

Plaintiff alleges that complete diversity is met in accordance with Section 1332 because he is a citizen of Nevada and at least some of the defendants are citizens of California. (Compl. ¶¶ 1–7). In order to establish federal jurisdiction under Section 1332, however, a plaintiff must demonstrate that each defendant is a citizen of a different state than the plaintiff. 28 U.S.C. § 1332(a)(1).

Here, Defendants correctly note that the Complaint fails to allege the citizenship of Defendants Patricia Foley and World Pack USA, which is a limited liability company. (*See* First MTD 3:10–4:9, ECF No. 11); (Second MTD 10:23–12:11, ECF No. 17). While Plaintiff does allege that World Pack USA is registered in Nevada, this allegation is immaterial for the purpose of diversity jurisdiction. *See Johnson v. Colombia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that citizenship for limited liability companies is based on the citizenship of its members and not its place of registration). Thus, in order to satisfy the diversity requirements, Plaintiff must allege the citizenship for each member of World Pack USA.[3],[4] As Plaintiff fails to meet his burden of establishing complete diversity in either the Complaint or his responses to the instant Motions, the Court cannot conclude at this time that it has diversity jurisdiction.

---

[3] The Court takes judicial notice of the Nevada Secretary of State Business Search, which indicates that World Pack USA has additional members not disclosed in Plaintiff's Complaint. (*See* Ex. 1 to Second Reply, ECF No. 26).

[4] Plaintiff alleges that Defendants AP Express and AP Express Worldwide, which are also limited liability companies, were owned and operated jointly by Defendants Michelle Pont and Jeffery Pont. In contrast to World Pack USA, Defendants have not asserted that these entities have additional members. Accordingly, and based on Plaintiff's representation that Michelle Pont and Jeffery Pont are citizens of California, the Court is satisfied that Plaintiff has met his burden as to these entities based on the information presented.

### 2. Federal Question Jurisdiction under 28 U.S.C. § 1343(a)(3)

Plaintiff additionally alleges that the Complaint states a federal question in accordance with Section 1343(a)(3) because Defendants have denied his equal rights under the Constitution. (*See* Compl. ¶ 7). "[T]he existence of federal jurisdiction is to be determined solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir.1978) (citations omitted). Per the "well-pleaded complaint rule," which governs federal question jurisdiction, district courts have subject matter jurisdiction "only when a federal question is presented on the face of the [plaintiff's] properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 387 (1987).

Here, the Court finds that the Complaint does not raise a federal question. To the contrary, each of Plaintiff's causes of action appear to rest squarely in state common law. While Plaintiff does vaguely assert that Defendants' actions have violated his constitutional rights, Plaintiff does not allege any statutory authority that would allow him to pursue a constitutional claim against these private Defendants. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Accordingly, the Court finds that Plaintiff has failed to demonstrate the existence of federal question jurisdiction over this action. *See Kokkonen*, 511 U.S. at 377.

### IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 11, 17), are **GRANTED**. As Plaintiff can potentially allege facts to satisfy the diversity jurisdiction requirements, however, the Court dismisses Plaintiff's claims without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint correcting the jurisdictional issues raised herein. Failure to file an amended complaint by this date shall result in the Court dismissing this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time, (ECF No. 22), is **GRANTED**.

DATED this __12__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge