# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL FOLEY,

      Plaintiff(s),

v.

JUAN CARLOS VALDES, et al.,

      Defendant(s).

Case No.: 2:17-cv-02783-GMN-NJK

**REPORT AND RECOMMENDATION**

[Docket No. 36]

      Pending before the Court is a renewed motion for an order declaring Plaintiff Michael Foley a vexatious litigant, filed by Defendants AP Express, LLC, AP Express Worldwide, LLC, World Pack USA, LLC, and Jeffrey Pont.  Docket No. 36.  Plaintiff filed a response in opposition, and Defendants filed a reply.  Docket Nos. 44, 46.  For the reasons discussed below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and that Plaintiff be **DECLARED** a vexatious litigant.

## I.      BACKGROUND

      Nearly ten years ago, Defendant Jeffrey Pont, Plaintiff's then-brother-in-law, notified the authorities of his belief that Plaintiff may be abusing his children.  *See* Docket Nos. 36, 43.  The police report filed by Defendant Pont, and the subsequent divorce of Plaintiff and his then-wife, Patricia Foley, resulted in Plaintiff's loss of legal and physical custody of one of his children.  Docket No. 37-1 at 96.  Since that time, Plaintiff has filed no fewer than twenty-one actions and appeals in federal and state court involving largely the same parties, based off the same and similar

allegations, all essentially spawning from the initial report, divorce, and subsequent family custody and child support disputes. *See infra.* These filings include largely the same corps of defendants, and derive from one of three categories: 1) the initial report of abuse, subsequent custody loss, and related familial altercations; 2) arrests related to Plaintiff's confrontations with Patricia Foley or Plaintiff's failure to pay child support; or 3) Plaintiff's attempts to gain access to his children or their records at school:[1]

**1) Filings related to the initial report of abuse, subsequent custody loss and related familial altercations**

- *Foley v. Valdes, et al.*, 17-cv-02783-GMN-NJK—The instant case is an action for compensatory and injunctive relief against Juan Carlos Valdes, Michelle Pont, Jeffrey Pont, AP Express, LLC, AP Express Worldwide, LLC, World Pack USA, and Patricia Foley for their roles in "conspiring and acting to deprive the Plaintiff of lawful custody of his minor children." Docket No. 1-1 at 3.

- *Foley v. Pont, et al.*, 11-cv-01769-JCM-VCF—In a significantly similar case against Michelle Pont, Jeffrey Pont, AP Express, LLC, AP Express Worldwide, LLC, Juan Carlos Valdes, Patricia Foley, John Kelleher, Nikki Dupree, Kelleher & Kelleher, and others, Plaintiff sought to recover damages suffered "as the result of a conspiracy to deprive him of his Constitutional right to free and normal association with his children…." Docket No. 38-1 at 205. Plaintiff alleged the defendants engaged in conspiracy, fraud, misrepresentation, malice, and slander. *Id.* This case was dismissed by the Court for want of prosecution. Docket No. 38-1 at 202. The Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute.

- *Foley v. Kelleher, et al.*, Eighth Judicial District Court, Clark County, Nevada, A13-684605—This case involves the same facts stated in the complaint in the U.S. District Court, *Foley v. Pont*, 11-cv-01769-JCM-VCF, and specifically addresses

---

[1] Not all of the cases in the ensuing list include the same defendants as in this case. However, the Court provides this synopsis to illustrate Plaintiff's use of judicial time, to establish a record of the relevant actions, and to elucidate the common themes and strategies in Plaintiff's litigation.

the state claims. Plaintiff describes an elaborate, widespread, intentional and malicious conspiracy to deprive him of his parental rights—this time including the attorneys who represented his former wife in the divorce and child custody cases. Docket No. 37-1 at 6-69. The case was closed through the granting of motion for summary judgments and the dismissal of the remaining defendants. Docket No. 37-2 at 104-105.

- *Foley v. Sonora Vista, et al.*, Eighth Judicial District Court, Clark County, Nevada, A12-673291—In this action, Plaintiff alleges that Patricia Foley, with the aid of Michelle and Jeffrey Pont, as well as various employees of Clark County, made and filed false reports, misrepresentations, and statements as part of the conspiracy against Plaintiff. Docket No. 37-3 at 132-80. This case was transferred to family court as *Foley v. Foley, et al.*, D13-486829 and was closed due to inactivity. Docket No. 37-2 at 125.

- *Foley v. Arostegui, et al.*, 14-cv-00094-RFB-NJK[2]—This is an action against Defendants Lorea Arostegui, Georgina Stuart, Deborah Crowshaw, Lisa Ruiz-Lee, Clark County, Nevada, and Lisa Reese for injunctive relief and for damages from the "policies, customs, and practices carried out" by Clark County and its officials allegedly by subjecting Plaintiff to malicious and discriminatory acts, resulting in him being unjustly and unlawfully registered in the state child abuse registry. Docket No. 39-3 at 490. The complaint also alleges that Defendants retaliated against Plaintiff for exercising his right to petition the government for redress. *Id.* at 491. This case is pending.

---

[2] This case does not list the Pont defendants, AP Express LLC, AP Express Worldwide, LLC, nor World Pack USA; however, the complaint in this case acknowledges Plaintiff's suit in 11-cv-01769 as a related case involving the same or similar facts. Docket No. 39-3 at 493. The second amended complaint also cross-references the complaint and the alleged conspiracy, led by Patricia Foley, Jeffrey Pont, and Michelle Pont, resulting in Plaintiff's loss of custody.

- *Foley v. Morrone, et al.,* 13-cv-1639-APG-NJK—In this case, Plaintiff sued to recover damages and to enjoin Defendants[3] for civil rights violations, including allegedly carrying out a scheme and conspiracy to deprive Plaintiff of his liberty, property and due process. Docket No. 39-1 at 432. Plaintiff alleges this fraud, deception, and corruption is not only part of a conspiracy against him, but also is designed to deprive all men of their familial rights. Docket No. 39-1 at 444. This case was dismissed for failure to state a claim. Docket No. 39-1 at 428. The Ninth Circuit affirmed the District Court in the case above. Docket No. 39-1 at 429, 470. The District Court certified this appeal as not taken in good faith, and the Ninth Circuit denied Plaintiff's motion to proceed *in forma pauperis* due to finding the appeal appeared frivolous. Docket No. 39-2 at 468-71.

- *Foley v. Pont*, Eighth Judicial District Court, Clark County, Nevada 15-167771-T—Here, Plaintiff applied for, and was denied, a temporary protective order ("TPO") following an alleged altercation with his sister, Michelle Pont. Docket No. 42-1 at 938. The Nevada Supreme Court denied Plaintiff's appeal for reconsideration. Docket No. 42-2 at 940.

**2) Filings related to Plaintiff's arrests[4]**

- *Foley v. Foley,*[5] Eighth Judicial District Court, Clark County, Nevada, R11-162425—This case was brought by Patricia Foley to enforce the existing custody and child support order. Docket No. 40-2 at 757-61. As a result, Plaintiff was

---

[3] There are 23 total Defendants in this case, including about ten from the District Attorney's office and the Clark County Department of Family Services, as well as Patricia Foley. Docket No. 39-1 at 425-27. Defendants in the instant case, Jeffrey Pont, Michelle Pont, AP Express, LLC, AP Express Worldwide, LLC, and World Pack USA, are not listed defendants in the proceeding against *Morrone*. *Id.* Nonetheless, the complaint in *Morrone* arises from similar facts and references the broader conspiracy allegedly perpetrated by defendants in the instant case. Docket No. 39-1 at 434.

[4] For the cases related to Plaintiff's arrests, Patricia Foley is almost always listed as a defendant, but the defendants in the current action are not. That said, these cases again assert the alleged conspiracy and derive from the same or similar initial facts.

[5] Plaintiff did not initiate the litigation in this case. However, it is relevant to the later cases Plaintiff brought following his arrest for civil contempt of the order issued in this case.

found in civil contempt of court and a bench warrant was issued for his arrest. Docket No. 40-2 at 763. Plaintiff appealed his detention and arrest to the Nevada Supreme Court. Plaintiff's appeal is pending. Docket No. 42-3 at 955.

- *Foley v. Teuton, et al.*, 17-cv-01024-JCM-VCF—This filing involves the arrest and detention as a result of Plaintiff's warrant for civil contempt. Plaintiff claims he was unlawfully arrested and placed in "debtors' prison" as part of an elaborate pyramid, partially directed and ordered by Patricia Foley. Docket No. 40-2 at 735-41. On June 21, 2018, the Court granted a motion to dismiss. Docket No. 40-2 at 731.[6]

- *Foley v. Graham, et al.*, 16-cv-01871-JAD-VCF—This complaint derives from similar facts as the preceding case. Here, Plaintiff alleges that he was arrested and detained without a warrant, and further that he was injured as a result of use of excessive force during his arrest. Docket No. 40-1 at 577-78. This complaint further alleges a larger scheme to arrest and detain Plaintiff and "unjustly enrich" Patricia Foley. Docket No. 40-1 at 602. The Defendants in the case are similar to the preceding case, including Clark County Detention Center, Las Vegas Metropolitan Police Department, Patricia Foley, but in this case also include the Clerk of the Court and Hearing Master in the Eighth District Court, Docket No 40-1 at 571-72. The Court dismissed several of Plaintiff's complaints and several defendants, with prejudice, but provided leave for Plaintiff to file a second-amended complaint. Docket No. 40-1 at 604-609. Plaintiff filed the second amended complaint in on July 23, 2018. Docket No. 40-1 at 574.

- *Foley v. Pacchiega, et al.*, 15-cv-02047-JCM-NJK—In this case, Plaintiff asserts that he was assaulted and unlawfully arrested following an altercation with Patricia Foley. Docket No. 39-4 at 518. Plaintiff alleges this altercation arose as a result of Patricia Foley intentionally frustrating his right to associate with his children, and

---

[6] Plaintiff filed a substantially similar claim in *Foley v. Bourne*, 15-cv-00765-JCM-PAL, which was dismissed without prejudice.

colluding to have Plaintiff arrested without probable cause, and detained. *Id.* The Defendants include, among others, police officers and lawyers associated with the Las Vegas Metropolitan Police Department and Clark Country Detention Center, as well as Patricia Foley and Juan Carlos Valdez. On February 28, 2018, the Court issued an order dismissing Plaintiff's amended complaint, which appeared to be a photocopy of his original complaint, with leave to amend. Docket No. 39-4 at 516. On April 2, 2018, Plaintiff filed a second amended complaint, which again appeared to be a photocopy of the original complaint. *Id.* at 540-50. On April 5, 2018, the Court issued a Report and Recommendation that the complaint be dismissed with prejudice. *Id.* at 551-52.

- *Foley v. Gillespie, et al.,* Nev. S. Ct. 64351—The Nevada Supreme Court denied Plaintiff's petition for extraordinary writ and his petition for *en banc* reconsideration. Docket No. 41-4 at 918, 935. These petitions were based on the same alleged unlawful arrest as in the preceding cases.

**3) Filings related to Plaintiff's attempts to gain access to his children or their records at school[7]**

- *Foley v. Hermes, et al.*, 16-cv-2369-APG-PAL—Plaintiff filed this suit against his children's school and various school officials, as well as Patricia Foley, alleging the parties conspired to stop him from entering school grounds and accessing school records for his children in violation of his constitutional rights. Docket No. 41-1 at 824-34. Several Defendants' motions to dismiss have been granted and the remaining defendants have filed another motion to dismiss. Docket No. 41-1 at 809-821.

- *Foley v. Bourne, et al.*, 17-cv-02844-JCM-VCF—This complaint again alleges that Plaintiff has been deprived of his right to access his children and jailed as part of a

---

[7] For the cases related to Plaintiff's attempts to gain access to his children or their records at school, Patricia Foley is almost always listed as a defendant, but the defendants in the current action are typically not. That said, these cases again assert the alleged conspiracy and derive from the same or similar initial facts.

conspiracy, against Plaintiff personally, and divorced men in general.  Docket No. 41-1 at 832-33.  In April 11, 2018, the Court granted motions to dismiss for the various defendants and closed the case.  Docket No. 41-1 at 82.  Plaintiff filed an additional three motions following the closing of the case, all which were denied as moot.  *Id.* at 843.

This listing illustrates not only the repetitive and duplicative nature of Plaintiff's filings, but also the relentless averments of a large-scale conspiracy that underpins almost every case.  Plaintiff makes these allegations indiscriminately and extensively.  According to Plaintiff, the conspiracy includes his sister, ex-wife and former brother-in-law, the law firm hired to represent his former wife, the District Attorney, employees of the Clark County Department of Family Services, numerous Nevada police departments, several Clark Country schools, and even members of the state and federal judiciary in Nevada.

## II.    STANDARDS AND ANALYSIS

This Court has the power to enter pre-filing orders against vexatious litigants pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  Of course, such pre-filing orders are an extreme remedy that should rarely be used, and courts must consider a litigant's due process right of access to the courts and the pertinent circumstances when contemplating such an order.  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Nonetheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  *De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 199).

To balance these interests, the Ninth Circuit has outlined four factors to be examined when determining whether a pre-filing order is appropriate.  *See, e.g.*, *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing *De Long*, 912 F.2d at 1147).  First, the litigant must be given notice and an opportunity to be heard.  *Id.* At 1062-63.  Second, the court must compile an adequate record for review.  *Id* at 1063.  Third, the court must make substantive findings regarding the frivolous or harassing nature of the plaintiff's litigation.  *Id.* at 1064. Finally, the vexatious litigant pre-filing order must be "narrowly tailored to closely fit the specific

vice encountered." *Id.* at 1066 (quoting *Molski,* 500 F. 3d at 1061). The first two factors are procedural, while the second two are substantive. When examining the two substantive considerations, the court should also consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.*

A. Notice

To ensure due process, a pre-filing order may be entered only if the subject of that order had notice and an opportunity to be heard. *Molski*, 500 F.3d at 1058. Here, Defendants filed an initial motion to declare Plaintiff a vexatious litigant and Plaintiff filed a response. Docket Nos. 27, 30. The Court denied this initial motion based on Plaintiff's response, where he asserted he was not served and therefore responded based solely on his speculation of what the motion contained. Docket No. 34. Defendants then filed a renewed motion to declare Plaintiff a vexatious litigant, Plaintiff filed a response, and Defendants filed a reply. Docket Nos. 36, 43, 46. Accordingly, Plaintiff was given notice and an opportunity to respond.

B. Adequate Record

An adequate record for review should include a list of the relevant cases and motions, if there are any, that led the court to conclude that a vexatious litigant order is appropriate. *De Long*, 912 F.2d at 1147. At a minimum, the record should show the litigant's activities were numerous or abusive. *Id.*

As enumerated above, Plaintiff has engaged in a calculated catalog of filings which is both voluminous and duplicative. Plaintiff has directly sued, or frivolously appealed, cases involving the various defendants in this case between five and twenty times, depending upon the defendant.
…
…

C.  The Frivolous and Harassing Nature of Plaintiff's Litigation

For a finding that the litigant's actions are frivolous or harassing, the court needs to look at both the number and content of the filings.  *Id*. at 1148.  A showing of mere litigiousness is insufficient for a pre-filing injunction, instead the actions must be patently without merit.  *Moy v. United States,* 906 F.2d 467, 470 (9th Cir. 1990).

As an alternative, the court may find that the litigant's filings show a pattern of harassment, not exclusively because of repetitiously filing, but rather on the basis that the filing of several similar types of actions constitutes an intent to harass the defendant or the court.  *De Long,* 912 F.2d at 1148.  Finally, courts should also consider whether other, less restrictive options, are adequate as a means of protecting the court and parties.  *Molski,* 500 F.3d at 1058.

The Court finds that Plaintiff's copious filings and incorrigible allegations have surpassed a showing of mere litigiousness and reached a point of vexation.  Despite having numerous dispositive rulings against him, Plaintiff continues to file duplicative, frivolous filings containing personal attacks and harassing allegations.

Plaintiff has filed nearly twenty suits naming Patricia Foley, and nearly ten naming Michelle Pont, Jeffrey Pont, A.P. Express or World Pack USA as defendants.  The majority of these cases were closed on motions to dismiss, closed for failure to prosecute, or were filed in the last year and are currently pending dispositive motions.  Of course, the sheer number of filings alone is insufficient to declare Plaintiff a vexatious litigant.  The Court finds, however, that the volume, pattern of harassment in the allegations, continual verbal abuse,[8] lack of merit, and rancorous motivation in his filings sufficiently demonstrate Plaintiff's intent to harass the defendants.

Finally, in light of Plaintiff's shotgun approach to litigation, the Court finds that a less restrictive option to protect parties and the court is not tenable at this juncture.  Plaintiff has been given numerous opportunities to amend his filings and appropriately prosecute his cases, but

---

[8] Plaintiff has repeatedly alleged that his ex-wife has a gambling addiction, called his sister Michelle Pont "evil," and unfoundedly accused state officials of bribery, fraud, and schemes. Docket No. 36 at 17.

nonetheless has failed to curtail his incessant litigation or to justify the harassing nature of his complaints.

### D. Narrowly Tailored Relief

Narrowly tailored orders are necessary to prevent hindering a litigant's right to access to the courts and to ensure due process. *De Long*, 912 f.2d at1148. Plaintiff's right to access the courts must be balanced against the pressure vexatious litigants have on the courts and the harassing effect they have on other parties. Much of Plaintiff's fervid and harassing litigation has focused on Jeffrey Pont, Michelle Pont, A.P. Express, World Pack USA, and Patricia Foley. In particular, those filings have served to harass the defendants and generally fail to state claims. As a result, the vexatious litigation relief shall be tailored to address the burden on those defendants and the Court, while not hindering Plaintiff's right to access the courts more generally.

## III.   CONCLUSION

In light of the above, the undersigned **RECOMMENDS GRANTING** Defendant's motion that Plaintiff be declared a vexatious litigant. Docket No. 36. The undersigned further **RECOMMENDS** Plaintiff be subject to pre-screening of future complaints he seeks to file in this District against Michelle Pont, Jeffrey Pont, A.P. Express, World Pack USA, and/or Patricia Foley.

IT IS SO ORDERED.

Dated: September 26, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable

issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).