**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL FOLEY,                    )
                                 )
                Plaintiff,       )          Case No.: 2:17-cv-02783-GMN-NJK
        vs.                      )
                                 )          **ORDER**
JUAN CARLOS VALDES, *et al.*,    )
                                 )
                Defendants.      )
_____ )

Pending before the Court is the Motion to Dismiss, (ECF No. 47), filed by Defendants AP Express Worldwide, LLC, AP Express, LLC, Jeffery Pont, and World Pack USA (collectively "Defendants").[1]  Plaintiff Michael Foley ("Plaintiff")[2] filed a Response, (ECF No. 52), and Defendants filed a Reply, (ECF No. 53).  Also before the Court is the Report and Recommendation ("R&R"), (ECF No. 49), of United States Magistrate Judge Nancy J. Koppe, which recommends granting Defendants' Motion to Declare Plaintiff a Vexatious Litigant, (ECF No. 36).  Plaintiff filed an Objection, (ECF No. 51), and Defendants filed a Response, (ECF No. 54).[3]  For the reasons stated herein, the Court accepts and adopts Judge Koppe's R&R in full.  Additionally, the Court grants Defendants' Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

---

[1] On October 1, 2018, Defendant Michelle Pont filed a Joinder to the Motion to Dismiss. (ECF No. 50). Accordingly, any reference to "Defendants" as used in this Order shall include Defendant Michelle Pont.
[2] In light of Plaintiff's *pro se* status, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[3] Also before the Court is Plaintiff's Request for Judicial Notice and/or to Allow Plaintiff to Supplement Response. (ECF No. 55).  In the Motion, Plaintiff seeks to add to the record a state court opinion declining to deem Plaintiff a vexatious litigant. (*Id.*).  Defendants did not file an opposition to this request to supplement. Accordingly, the Court grants Plaintiff's Motion and considers the state court opinion. *See* Local Rule 7-2.

# I.    <u>BACKGROUND</u>

This case arises out of allegations of conspiracy to interfere with Plaintiff's custody over his children. According to Plaintiff, Defendants engaged in a lengthy string of manipulative tactics—including filing fake child abuse allegations against Plaintiff—to deprive Plaintiff of his custodial rights. (*See* Compl., ECF No. 6). Based on these allegations, Plaintiff filed a Complaint on January 17, 2018, asserting claims for: (1) Conspiracy to Conceal and Deprive Custody of Children from a Parent; (2) Loss of Services; (3) Assault; and (4) Intentional Infliction of Emotional Distress. (*Id.*).

In February 2018, Defendants filed Motions to Dismiss challenging, *inter alia*, the Court's subject matter jurisdiction over this action. (Motions to Dismiss, ECF Nos. 11, 17). On August 13, 2018, the Court issued an Order granting Defendants' Motions. (Order, ECF No. 35). In the Order, the Court found: (1) Plaintiff had failed to sufficiently allege Defendants' citizenship for the purpose of establishing diversity jurisdiction; and (2) Plaintiff had failed to establish the existence of federal question jurisdiction. Based on this finding, the Court granted Plaintiff leave to file an amended complaint and directed Plaintiff to properly plead the citizenship of Defendants.

On September 4, 2018, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 44). Defendants now move to dismiss the Amended Complaint for lack of subject matter jurisdiction.

# II.    <u>LEGAL STANDARD</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly,

courts presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* When, as here, a defendant asserts a factual attack, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III.   DISCUSSION

### 1.  Motion to Dismiss

In the Amended Complaint, Plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶¶ 1–8, ECF No. 44). In order to establish federal jurisdiction under Section 1332, a plaintiff must demonstrate that each defendant is a citizen of a different state than the plaintiff. 28 U.S.C. § 1332(a)(1). With respect to limited liability companies, a plaintiff must allege the citizenship of each member to properly plead diversity. *See Johnson v. Colombia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The party asserting diversity jurisdiction bears the burden of proof. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

Here, the Court previously dismissed Plaintiff's Complaint for failure to allege the citizenship of both Patricia Foley and World Pack USA. (Order 3:8–18, ECF No. 35). In the Amended Complaint, Plaintiff alleges that Patricia Foley is a citizen of Mexico and Defendant World Pack USA is owned and operated by Jeffrey Pont and Shantal Smith, who are citizens of California. Absent from these allegations, however, is the citizenship of "Augusto Soriano Jr.," who the Nevada Secretary of State lists as a managing member of World Pack USA residing in Las Vegas, Nevada. (*See* Ex. 1 to First MTD Reply, ECF No. 26). Per the Court's prior Order, any amendment to the Complaint had to allege the citizenship of each member of World Pack USA to satisfy the diversity requirements. *See Johnson*, 437 F.3d at 899. As Plaintiff has failed to meet this requirement, the Court finds dismissal appropriate on this basis.

Even to the extent Plaintiff had alleged World Pack USA's citizenship, the Court finds a legitimate question as to whether Plaintiff has accurately stated the citizenship of Defendant Patricia Foley. In particular, the Court notes that Plaintiff has previously asserted in other lawsuits that Patricia Foley—who was at one point married to Plaintiff in the United States—is a citizen of Nevada. (*See* Reply 3:4–15, ECF No. 53); (*see, e.g.*, Clark County Compl. at APE000132, Ex. 3 to Appx. I, ECF No. 37-3). In his Response, Plaintiff does not address this issue or any of the other jurisdictional issues raised by Defendants or the Court. (*See* Resp., ECF No. 52). The Court therefore finds that Plaintiff has consented to the granting of Defendants' Motion as stated in the local rules. *See* Local Rule 7-2(d). Moreover, by failing to address these issues, the Court finds that Plaintiff has not met his burden of establishing the Court's subject matter jurisdiction over his claims. *See Lew*, 797 F.2d at 749. Accordingly, the Court dismisses Plaintiff's claims without prejudice.

## 2. Vexatious Status

In the R&R, Judge Koppe recommends declaring Plaintiff a vexatious litigant and subjecting his future complaints against Defendants to pre-screening. (R&R 10:13–16, ECF

No. 49).  A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

Here, Plaintiff largely objects to Judge Koppe's R&R based on his own subjective beliefs regarding both the merits of his underlying conspiracy allegations and the biased nature of his other legal proceedings.  In raising these objections, Plaintiff utilizes much of the crude or slanderous language that has become commonplace in his filings.  In particular, the Court notes Plaintiff's liberal use of language like "sexual inadequacy," "gambling addiction," "enslavement," and "evil" behavior when referencing Defendants.  Additionally, the Court notes Plaintiff's repeated allegations of corruption, bias, and mental incapacity against other courts and judges.  This type of combative language only serves to highlight the vexatious nature of Plaintiff's numerous actions.  Nonetheless, amidst Plaintiff's accusations, Plaintiff raises three broad objections to Judge Koppe's R&R: (1) Judge Koppe relied upon incorrect facts in reaching her conclusion; (2) the Court declaring Plaintiff vexatious violates his First Amendment rights; and (3) Plaintiff has not filed enough cases against Defendants to warrant being declared vexatious. (Objection 7:25–9:25, ECF No. 51).  The Court addresses each objection in turn.

### a)  Incorrect Facts

Plaintiff argues that Judge Koppe's R&R incorrectly states the number of cases Plaintiff has filed against Defendants. (*Id.* 8:1–4).  Plaintiff further argues that some of the closed cases cited by Judge Koppe "are still alive and pending further action" or else ripe for appeal. (*Id.* 8:14–16).  Contrary to Plaintiff's assertion, however, Judge Koppe explicitly acknowledges that

not all of the cases cited in the R&R involve the Defendants in this case. (*See* R&R n.1 at 2). Judge Koppe included these additional cases to illustrate "Plaintiff's use of judicial time, to establish a record of the relevant actions, and to elucidate the common themes and strategies in Plaintiff's litigation." (*Id.*).  To the extent Plaintiff objects to the precise number of purported cases he has filed against Defendants, the Court finds this argument immaterial to its vexatious determination. *See Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (omitting a precise case quota amongst vexatious litigant factors).  Here, Judge Koppe detailed over a dozen of Plaintiff's other cases in making her vexatious litigant recommendation.  The R&R therefore complies with the procedural requirement that the Court "compile an adequate record for appellate review." *Id.*

### b) First Amendment Rights

Plaintiff next objects to the R&R on the basis that it disparages his "First Amendment Right to petition the government for redress of his grievances." (Objection 9:1–2).  According to Plaintiff, "[i]f this court forecloses this case, or the plaintiff's right to sue these malicious and menacing defendants . . . the Ponts will continue in their constant meddling and tortious interference with *impunity*." (*Id.* 9:7–10).

Plaintiff is correct that restricting access to the courts is a serious matter which implicates constitutional rights. *See De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990).  Nonetheless, the Ninth Circuit has explicitly acknowledged that "[f]ederal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under ... appropriate circumstances.'" *Ringgold-Lockhart*, 761 F.3d at 1061 (citing *De Long*, 912 F.2d at 1147).

Here, the R&R only recommends subjecting Plaintiff to pre-screening of future complaints against Defendants. (R&R 10:14–16).  Plaintiff would otherwise retain full access

to the courts. The Court therefore finds Plaintiff's assertion that a pre-filing restriction would disparage his First Amendment rights unavailing.

### c) Number of Cases Against Defendants

Lastly, Plaintiff argues that he should not be deemed vexatious because he has only filed "a total of two lawsuits against the Ponts." (Objection 9:16–17). Plaintiff does not detail the specific lawsuits he is referencing, but the Court understands Plaintiff to mean the federal cases *Foley v. Pont, et al.*, 11–cv–1769–JCM–VCF and the instant action.[4] With respect to the former, Plaintiff's claims were dismissed both on the merits and for failure to prosecute. Plaintiff subsequently filed an appeal, which the District Court certified as frivolous and the Ninth Circuit ultimately dismissed.[5] As for the instant action, although the Court does not reach the merits due to lack of jurisdiction, a cursory glance at the pleadings reveals Plaintiff's allegations to be duplicative of the claims already adjudicated in the prior lawsuit. The Court therefore finds this action consistent with the type of frivolous cases discussed in Judge Koppe's R&R.

Regardless, Plaintiff's argument ignores that the R&R is based on a multitude of filings against a variety of defendants and not just Jeffery Pont and Michelle Pont. Additionally, the R&R encompasses not only the volume of Plaintiff's cases but also the harassing nature of his filings. (*See* R&R 9:19–22) ("The Court finds [] that the volume, pattern of harassment in the allegations, continual verbal abuse, lack of merit, and rancorous motivation in [Plaintiff's] filings sufficiently demonstrate Plaintiff's intent to harass the defendants."). As noted in the R&R, virtually all of Plaintiff's lawsuits arise out of a common nucleus of conspiratorial and unfounded allegations directed against Defendants. Plaintiff fails to address the harassing

---

[4] Plaintiff has filed additional lawsuits against Jeffery Pont and Michelle Pont in state court.
[5] In a pattern consistent with numerous of Plaintiff's other filings, the Ninth Circuit dismissed the appeal for failure to prosecute.

nature of his filings in his Objection. The Court therefore finds no basis to depart from Judge Koppe's recommendation.

IV.     CONCLUSION

        **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 47), is **GRANTED**. The Court dismisses this action without prejudice.

        **IT IS FURTHER ORDERED** that the Court **ACCEPTS and ADOPTS** the Report & Recommendation, (ECF No. 49), **in full**. Plaintiff shall be subject to pre-screening of future complaints that he seeks to file in this District against Michelle Pont, Jeffrey Pont, A.P. Express, World Pack USA, and Patricia Foley.

        **IT IS FURTHER ORDERED** that Defendants' Motion to Declare Plaintiff a Vexatious Litigant, (ECF No. 36), is **GRANTED** consistent with the foregoing.

        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Judicial Notice, (ECF No. 55), is **GRANTED**.

        The Clerk of Court is instructed to close the case.


        **DATED** this ___8___ day of March, 2019.


        _____
        Gloria M. Navarro, Chief Judge
        United States District Judge