# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL FOLEY,

        Plaintiff,

vs.

JUAN CARLOS VALDES, *et al.*,

        Defendants.

Case No.: 2:17-cv-02783-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Attorney Fees and Costs, (ECF No. 61), filed by Defendants AP Express Worldwide, LLC, AP Express, LLC, Jeffery Pont, and World Pack USA (collectively, "Defendants"). Plaintiff Michael Foley ("Plaintiff") filed a Response, (ECF No. 62), and Defendants filed a Reply, (ECF No. 64).

Also pending before the Court is Plaintiff's Motion for Relief from Judgment, (ECF No. 63), regarding the Court's Order, (ECF No. 58), declaring him a vexatious litigant. Defendants filed a Response, (ECF No. 66), and Plaintiff did not file a Reply.

For the reasons discussed below, Defendants' Motion for Attorney Fees and Costs is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion for Relief from Judgment is **DENIED**.

## I.    <u>BACKGROUND</u>

This case arises from allegations of a conspiracy to interfere with Plaintiff's custody over his children. According to Plaintiff, Defendants engaged in manipulative tactics—including filing fake child abuse allegations against Plaintiff—to deprive Plaintiff of his custodial rights. (*See* Am. Compl. ¶ 9, ECF No. 44).

Plaintiff's first Complaint, (ECF No. 6), alleged that the Court had diversity and federal question jurisdiction over the case. (Compl. 1:24–26). The Court dismissed the Complaint for

lack of subject matter jurisdiction because Plaintiff failed to allege the citizenship of Defendants Patricia Foley ("Foley") and World Pack USA (the "LLC Defendant"). (*See* First Order to Dismiss 3:1–4:18, ECF No. 35). Plaintiff then filed the Amended Complaint, which alleged that Foley was a citizen of Mexico, and the Court had diversity jurisdiction. (Am. Compl. 1:24–26). The Court again dismissed the Amended Complaint for lack of subject matter jurisdiction because Plaintiff again failed to properly allege the citizenship of the LLC Defendant. (Second Order to Dismiss ("Order") 3:17–4:22, ECF No. 58). The Order also deemed Plaintiff a vexatious litigant and subjected his future complaints before the Court to pre-screening. (*Id.* 4:24–8:2).

Defendants now move for an award of $190.11 in costs under Federal Rule of Civil Procedure 54(d)(1) and $50,072.50 in attorney fees under 28 U.S.C. § 1927 and 42 U.S.C. § 1988. (Mot. Fees 6:1–15:10, ECF No. 61). Plaintiff seeks relief from the portion of the Court's Order declaring him a vexatious litigant. (Mot. Relief, 3:5–26, ECF No 63).

## II. LEGAL STANDARD

### a. Motion for Attorney Fees

By statute, a court may impose attorney fee liability on a party "admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously" such that "excess costs, expenses, and attorneys' fees" were "reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Recklessness or bad faith is required to support a fee award under § 1927." *Cline v. Ind. Maint. Eng. & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Notably, commencing a lawsuit by filing a complaint "may be sanctioned pursuant to Rule 11 or a

court's inherent power, but it may not be sanctioned pursuant to § 1927." *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1995).

When a party brings a claim under federal civil rights laws, the court may award the prevailing party reasonable attorney fees under 42 U.S.C. § 1988. *See* 42 U.S.C. § 1988(b). The defendant may be entitled to a fee award under § 1988, "but only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

### b. Motion for Relief from Judgment

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). However, a motion for reconsideration is not a mechanism for re-arguing issues presented in the original filings, *Backlund*, 778 F.2d at 1388, or "advancing theories of the case that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). In other words, the purpose of Rule 60(b) is not "to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

//

## III. DISCUSSION

The Court's below discussion first addresses Defendants' Motion for Fees before turning to Plaintiff's Motion for Relief from Judgment.

### a. Motion for Fees

Defendants seek an award of attorney fees under 28 U.S.C. § 1927 and 42 U.S.C. § 1927. They argue that they should receive fees under § 1927 because Plaintiff brought his claims in bad faith, which is exhibited by Plaintiff: (1) filing an Amended Complaint that did not correct the deficiencies in the dismissed Complaint; (2) filing an application to proceed *in forma pauperis* but later paying the filing fee; (3) directing "salacious" statements at Defendants in his filings; and (4) alleging meritless claims. (Mot. Fees 7:2–8:22). Defendants argue they are entitled to fees under § 1988 because they prevailed against Plaintiff's frivolous civil rights claims. (*Id.* 6:11–7:1, 8:23–11:23). The Court's below discussion considers Defendants' arguments in support of an award of attorney fees under the respective statutes.

### i. 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, a party may seek "fees reasonably incurred because of" a litigant unreasonably and vexatiously multiplying proceedings in the case. *See* 28 U.S.C. § 1927. While demonstrating bad faith is a prerequisite to receiving a fee award under § 1927, a showing of bad faith does not end the court's inquiry. Rather the court must also determine what fees the moving party incurred because of the non-movant's sanctionable conduct. *See United States v. Blodgett*, 709 F.2d 608, 610–11 (9th Cir. 1983) ("[Section 1927] does not authorize imposition of sanctions in excess of costs reasonably incurred because of [unreasonable and vexatious] conduct.").

Defendants extensively brief allegations of Plaintiff's bad faith conduct, but they give little attention to the costs they incurred *because* of the conduct. The Court cannot identify any attorney fees Defendants incurred because of Plaintiff's use of salacious statements in his

filings. Nor did Plaintiff's application to proceed *in forma pauperis* burden Defendants because they did not respond to the application.

Under § 1927, Defendants may only recover the fees they incurred because of Plaintiff multiplying the proceedings *after* the commencement of litigation. *See Moore*, 78 F.3d at 435. Accordingly, the Court considers Defendants' allegations of bad faith conduct arising after Plaintiff commenced the litigation by filing the Complaint. Defendants' sole allegation of bad faith conduct increasing their expense is that Plaintiff filed a meritless Amended Complaint to which Defendants had to respond.[1] (*See* Mot. Fees 7:11–17, 8:7–22).

The Court concludes that Plaintiff filed the Amended Complaint in bad faith. Under § 1927, a party acts in bad faith when they "knowingly or recklessly raise a frivolous argument." *Estate of Blas*, 792 F.2d at 860. Here, the Court dismissed the Complaint with leave to amend for failure to properly allege subject matter jurisdiction, and the Court's Order directed Plaintiff to cure the deficient jurisdictional pleading of Foley and the LLC Defendant. (See Order, ECF No. 35). Plaintiff amended the Complaint and altered the citizenship of Foley, but again neglected to properly allege the citizenship of the LLC Defendant. (Am. Compl. ¶¶ 2–8, ECF No. 44). The Court dismissed the Amended Complaint for again failing to properly allege subject matter jurisdiction. (Order 3:17–4:22, ECF No. 58). The Court's prior Order put Plaintiff on notice that he frivolously pleaded the Court's jurisdiction by failing to properly allege the citizenship of the LLC Defendant, and he recklessly failed to cure the deficiency. Accordingly, Plaintiff filed the Amended Complaint in bad faith.

---

[1] Defendants also allege that they incurred costs as a result of Plaintiff's bad faith because they had to respond to the original Complaint and file a Motion to have Plaintiff declared a vexatious litigant. (Mot. Fees 4:2–7, 4:22–5:2). Defendants moved this Court to declare Plaintiff a vexatious litigant based on the redundancy of the original Complaint with other cases Plaintiff filed in the District of Nevada. (*See* Ren. Mot. Decl. Pl. Vexatious Litigant, ECF No. 36). Because the conduct complained of does not evidence Plaintiff vexatiously multiplying these proceedings after the case's commencement, it is not actionable under § 1927. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) (explain that under § 1927 "the *multiplication* of proceedings is punished, thus placing *initial* pleadings beyond its reach.") (emphasis original).

Defendants may recover attorney fees reasonably incurred in preparing the Motion to Dismiss the Amended Complaint and the supporting Reply, which the Court calculates later in this Order. While Plaintiff's other alleged bad faith conduct may well be deserving of sanction, Defendants fail to seek relief under the proper authority. Section 1927 allows a court to award fees to sanction vexatious conduct within one proceeding that creates unnecessary expense for the moving party. *See Moore*, 78 F.3d at 435. Rule 11 and the Court's inherent power are the proper avenues to sanction Plaintiff for filing duplicative suits and engaging in bad faith conduct that did not increase Defendants' litigation expenses. *See id.* at 435–37. Defendants have not sought fees under either Rule 11 or the Court's inherent power.

        ii.    <u>42 U.S.C. § 1988</u>

42 U.S.C. § 1988 allows a court, in its discretion, to award attorney fees to the party who prevails on claims brought under certain federal civil rights statutes. 42 U.S.C. § 1988(b). While the Complaints refer to violations of Plaintiff's constitutional rights, neither the original Complaint nor the Amended Complaint raise claims under federal civil rights laws. (*See* Compl. 10:3–11:15); (Am. Compl. 10:9–11:22). Rather, each claim is styled as a violation of state law. (*Id.*).

Defendants have not directed the Court to any authority indicating the Plaintiff raised a civil rights claim for which Defendants may recover fees under § 1988. Plaintiff's Complaints only make reference to federal civil rights law on one occasion. The original Complaint alleges that 28 U.S.C. § 1343(a)(3) provides the Court subject matter jurisdiction. However, alleging that the Court has jurisdiction pursuant to federal civil rights law under § 1343(a)(3) alone does not provide grounds for relief under 42 U.S.C. § 1988(b). Plaintiff must have alleged a claim for relief pursuant to a federal civil rights statute enumerated in § 1988 for Defendants to recover fees. *See* 42 U.S.C. § 1988(b).

Here, the Court explicitly found that the Complaint did not raise a federal claim at all, let alone a claim under a federal civil rights statute. (*See* First Order to Dismiss 4:1–18, ECF No. 35) ("Here, the Court finds that the Complaint does not raise a federal question. To the contrary, each of Plaintiff's causes of action appear to rest squarely in state common law."). Therefore, the Court declines to award Defendants' attorney fees under 42 U.S.C. § 1988.

    iii.    <u>Lodestar Calculation</u>

When a party seeks a fee award under a federal fee-shifting statute, the court determines the award using the "lodestar method." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal citation omitted). The party seeking fees bears the burden to submit evidence supporting the rates claimed and the hours worked. *Hensley*, 461 U.S. at 433; see also *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). If the fee applicant submits vague records, the district court may "simply reduce[] the fee [award] to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). In reviewing a motion for attorney fees, the court will rely on its own experience to determine whether the amount requested is reasonable. *See Hensley*, 461 U.S. at 437.

The Court first assesses the reasonableness of the rates claimed. Only two attorneys performed work on the Motion to Dismiss the Amended Complaint and the Reply: Rachel Wise ("Wise") and Steve Peek ("Peek"). (*See* Fees, Ex. C to Mot. Fees, Billing Spreadsheet at 3, ECF No. 61). Wise billed a rate of $329.22 per hour for the work performed, and Peek billed a rate of $645.00 per hour. (*See id.*, November 14, 2018 Invoice). Defendants provide an affidavit declaring that the rates charged are reasonable. (Affidavit of Rachel Wise ¶ 15, Ex. A to Mot. Fees, ECF No. 61). Peek is a senior partner with over 47 years of experience, and Wise is a senior associate with eight years of experience. (*Id.* ¶¶ 9–10).

The Court finds that the rates asserted are unreasonable. The rate asserted for Peek is well above what this Court typically awards for partners of his experience. *See Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013) (finding that $375–$400 is the reasonable hourly rate for a partner with over 35 years of experience in Las Vegas). "For the Las Vegas market, this Court has regularly awarded fees where the hourly rate at issue were $400 or less." *See Int'l Inst. of Mgmt. v. Org for Econ. Cooperative & Dev.*, No. 2:18-cv-01748-JCM-GWF, 2019 U.S. Dist. LEXIS 18907 at *16–*17 (D. Nev. Oct. 29, 2019); *see also Gonzalez-Rodriguez v. Mariana's Enterps.*, No. 2:15-cv-00152-JCM-PAL, 2016 U.S. Dist. LEXIS 92198 at *27 ("hourly rates of $450 and $650 per hour are well over the range of hourly rates approved in this district."). The rate requested for Wise is likewise excessive, as courts in this District generally award rates of $250 per hour for experienced associates. *Banerjee v. Cont'l Inc.*, No. 2:17-cv-00466-APG-GWF, 2018 U.S. Dist. LEXIS 158687 at *6–*7 (D. Nev. Sept. 17, 2018). Given the experience of counsel and the fact that this was not a complex case, the Court finds that $400 per hour is a reasonable hourly rate for Peek and $250 per hour is a reasonable hourly rate for Wise.

The Court now addresses the reasonableness of Defendants' hours worked. Defendants submit detailed billing records in support of their Motion. (*See* Fees, Ex. C to Mot. Fees, ECF No. 61). Eight billing entries relate to the work at issue.[2] Six of the entries describe time worked only on the Motion to Dismiss or the Reply. (*Id.*). Those entries establish that Wise and Peek performed eight hours and two and nine-tenths hours of work on the Motion and Reply, respectively. (Fees, Ex. C to Mot for Fees, Billing Spreadsheet at 3). The two remaining entries describe time in which Wise and Peek reviewed both Judge Koppe's Report and Recommendation ("R&R") regarding Plaintiff's vexatiousness as well as Plaintiff's Response to the Motion to Dismiss. (*See id.*, Billing ID Numbers 14791958 and 14792436) (claiming that

---

[2] Specifically, Billing IDs Numbers: 14734121, 14752724, 14863641, 14791958, 14792436, 14800526, 14803333, and 14863643.

Wise spent 1.1 hours reviewing the R&R and Plaintiff's Response, and Peek spent 0.9 hours doing the same). Given that each attorney reviewed and analyzed Judge Koppe's R&R and Plaintiff's Response in the time billed, the Court presumes that the attorneys spent equal amounts of the time reviewing the respective documents. Accordingly, the Court credits Wise with an additionally 0.55 hours of work performed and Peek with and additional 0.45 hours. Therefore, Wise and Peak reasonably worked 8.55 and 3.35 hours on the Motion and Reply, respectively.

The Court finds no reason to otherwise adjust the lodestar. Therefore, under the lodestar method, Defendants may reasonably recover $3,477.50 in attorney fees. Additionally, the Court grants Defendants' request for an award of recoverable costs under Federal Rule of Civil Procedure 54(d)(1) as the prevailing parties.

| Attorney | Reasonable Hourly Rate | Reasonable Hours Worked | Total |
|---|---|---|---|
| Rachel Wise | $250 | 8.55 | $2,137.50 |
| Steve Peek | $400 | 3.35 | $1,340.00 |
| **Reasonable Fee** | **$3,477.50** | | |

### b. Motion for Relief from Judgment

Plaintiff seeks relief from the Court's judgment declaring him a vexatious litigant. (*See* Mot. Relief, ECF No. 63). Plaintiff argues that a state court concluded that he was not a vexatious litigant, and the state court order is controlling because of: (1) principles of comity; (2) res judicata; and (3) the Rooker-Feldman doctrine. (Mot. Relief 3:10–26).

Plaintiff cannot satisfy the high burden of Rule 60 to receive relief from judgment. The state court's holding regarding Plaintiff's vexatiousness is limited only to Plaintiff's conduct in that court, and it is therefore not entitled to comity. (*See* State Court Order ¶ 3, Ex. 3 to Pl.'s Resp. Mot. Fees, ECF No. 62) ("this Court concludes that there is not a sufficient basis in this

record to support entry of an order restricting access to *this* Court . . . .") (emphasis added). In this Court, Plaintiff clearly has an extensive record of filing frivolous complaints, which justifies the Court's sanction. (*See* Report and Recommendation 2:7–7:5, ECF No. 49) (cataloging the cases Plaintiff has brought related to the conduct at issue in this case).

Likewise, Plaintiff's invocation of res judicata and the Rooker-Feldman doctrine are unavailing. Inter-forum vexatious litigant orders are not preclusive, and a court may deem a party vexatious even if a different court previously declined to do so. *See, e.g.*, *Opong-Mensah v. Stracener*, No. C043383, 2004 WL 1447604 at *12 (Cal. Ct. App. June 29, 2004); *Smith v. Sup. Ct.*, No. D042404, 2004 WL 1194707 at *4–*5 (Cal. Ct. App. June 1, 2004). The Rooker-Feldman doctrine does not apply in this case because Plaintiff is not seeking review of a disadvantageous state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). Therefore, Plaintiff's future complaints remain subject to screening.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney Fees, (ECF No. 61), is **GRANTED in part** and **DENIED in part**. As the prevailing party, the Court grants Defendants an award of costs other than attorney fees of $182.00 under Fed. R. Civ. P. 54(d)(1), (*See* Costs Taxed, ECF No. 65). The Court grants Defendants' request for an award of attorney fees in part. Defendants are entitled to recover an award of $3,477.50 in attorney fees from Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Judgment, (ECF No. 63), is **DENIED**.

**DATED** this __8__ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court