# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL FOLEY,

        Plaintiff,

vs.

JUAN CARLOS VALDES, *et al.*,

        Defendants.

Case No.: 2:17-cv-02783-GMN-NJK

**ORDER**

      Pending before the Court is Plaintiff Michael Foley's ("Plaintiff's") Motion/Application for Leave to Proceed *in forma pauperis* ("IFP"), (ECF No. 69). Also pending before the Court is Plaintiff's Motion to Extend Time to file his notice of appeal, (ECF No. 70). For the reasons discussed below, the Court **DENIES** Plaintiff's Motions.

      A district court may deny an application to proceed IFP if the Court determines the applicant's allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(2). The requirement is intended to "weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990). Courts should not bestow IFP status upon a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress's consideration that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted). It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if the

individual is unable, or unwilling, to verify his poverty. *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (noting that, "the court may look beyond the [IFP] application to determine [the applicant's] financial condition.") (internal quotation and alteration omitted). "To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Salat v. Wilson*, No. 2:16-cv-03018-APG-PAL, 2017 U.S. Dist. LEXIS 157459, 2017 WL 4269958, at *2 (D. Nev. Sept. 26, 2017) (quoting *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 115 (2d Cir. 2012)).

Upon review of Plaintiff's litigation history within this District, the Court finds that Plaintiff's allegation of poverty is untrue. Plaintiff appears to have initiated numerous frivolous lawsuits by taking advantage of the IFP system to avoid paying filing fees. (*See, e.g.*, Case No. 2:11-cv-01769-JCM-VCF, Dkt. Nos. 1–2); (Case No. 2:13-cv-01639-APG-NJK, Dkt. Nos. 3, 10); (Case No. 2:14-cv-00094-RFB-NJK, Dkt. Nos. 1, 4); (Case No. 2:15-cv-02047-JCM-CWH, Dkt. Nos. 1–2); (Case No. 2:16-cv-01871-JAD-VCF, Dkt. Nos. 1, 3). In most of these cases, Plaintiff's applications were granted without greater scrutiny than a review of his financial affidavit. (*See id.*). Yet, in 2017, Plaintiff paid the filing fee in one case, casting doubt on his alleged poverty in all the others. (*See* Order Show Cause 1:23–24, ECF No. 3) (citing Case No. 2:17-cv-1024-JCM-VCF, Dkt. No. 1).

Given Plaintiff's apparent ability to pay the filing fee, Plaintiff's IFP Application in this case came under scrutiny. After Plaintiff commenced this action by filing the Application for Leave to Proceed IFP and Complaint, United States Magistrate Judge Nancy Koppe issued the Order to Show Cause why the Court should not dismiss the case with prejudice for Plaintiff misrepresenting his poverty to the Court. (Order Show Cause, ECF No. 3). The Order explained that the Court's skepticism of Plaintiff's poverty arose from two filing fees Plaintiff

1 paid. First, Judge Koppe noted that Plaintiff paid a filing fee in another case just ten days after
2 he represented to the Court that he could not pay the filing fee in this case. (*Id.* 1:21–23) (citing
3 Case No. 2:17-cv-2844-JCM-VCF, Dkt. No. 1). Second, Plaintiff initiated another case in 2017
4 without seeking leave to proceed IFP. (*See* Case No. 2:17-cv-1024-JCM-VCF, Dkt. No. 1).
5 Confirming the Court's suspicions of Plaintiff's malfeasance, Plaintiff withdrew his IFP
6 Application in this case and paid the filing fee. (Receipt of Payment, ECF No. 5). Since then,
7 Plaintiff has paid the filing fee in another case and, as recently as 2019, for another appeal. (*See*
8 Case No. 2:16-cv-02369-APG-BNW, Dkt. Nos. 1, 4–5, 62).

9 Now, Plaintiff seeks IFP status for his appeal. (IFP App., ECF No. 69). Plaintiff's
10 conduct indicates to this Court that Plaintiff's allegation of poverty is untrue. Plaintiff has a
11 record of paying his filing fees in cases while, at the same time, applying to proceed IFP in
12 others. (*Compare* Case Nos. 2:17-cv-1024-JCM-VCF and 2:17-cv-2844-JCM-VCF); (*with*
13 Case No. 2:17-cv-2783-GMN-NJK). In this case, the Court required Plaintiff to make a greater
14 showing of poverty than submitting his financial affidavit. (Order Show Cause, ECF No. 3).
15 Apparently conceding he did not qualify to proceed IFP, Plaintiff withdrew his application and
16 paid the filing fee. (Notice of Withdrawal, ECF No. 4). Plaintiff's current IFP Application
17 reflects that Plaintiff generates substantially more income now than he did when he filed the
18 IFP Application that he ultimately withdrew in this case, which indicates his new Application is
19 also deserving of the Court's skepticism. (*Compare* IFP App., ECF No. 1); (*with* IFP App.,
20 ECF No. 69). Additionally, Plaintiff has not properly completed his Application because he
21 has not indicated whether he receives income from pensions, annuities, life insurance,
22 disability, worker's compensation, gifts, inheritances, or other sources of income. (*See* IFP
23 App. ¶ 3(c)–(f), ECF No. 69). Thus, the Court will not grant Plaintiff's IFP Application
24 because it appears that Plaintiff has long been misleading courts in this District about his
25 alleged poverty. The Court also denies as moot Plaintiff's Motion to Extend Time to file his

notice of appeal given that his sole reason for seeking the extension was his alleged inability to pay the filing fee. (*See* Mot. Extend, ECF No. 70). In spite of the Motion, Plaintiff filed his Notice of Appeal the following day without the accompanying filing fee. (Notice of Appeal, ECF No. 71).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion/Application for Leave to Proceed *in forma pauperis*, (ECF No. 69), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time, (ECF No. 70), is **DENIED as moot**.

**DATED** this __28__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court